## FRED ROGERS V. THE STATE.

### No. 9455. Delivered November 11, 1925.

### Rehearing denied January 6, 1926.

**1.—Receiving Stolen Property—Evidence—Properly Admitted.**

Where, on a trial for receiving stolen property, there was no error in permitting the state to prove all of the articles that were taken, at the time that those discovered were taken, although a conviction could not be had for the theft of such articles as were not named in the indictment.

**2.—Same—Evidence—Properly Admitted.**

Where appellant was indicted jointly with Mrs. Fred Rogers, his supposed wife, it was not error to permit the state to inquire into the marital status to discover if in truth his codefendant was his wife, such inquiry being material to the development of the state's case.

**3.—Same—Bill of Exceptions—Multifarious—Not Considered.**

Where a bill of exception points out objections made to numerous rulings of the court, some of which were clearly not erroneous, we cannot segregate those matters which were permissible from those possibly erroneous. To sustain appellant's bill of exception we must of course find that as a whole it presents error. Appellant's bill of exception number four not clearly setting out the matter complained of, presents no error.

**4.—Same—Cross-Examination—Not Proper.**

Where appellant, on cross-examination by the State, was asked if in truth he had taken the goods in question he would tell the jury about it, such question was not a proper method of cross-examination, but we think it not of such serious moment as to justify a reversal of the case.

**5.—Same—Evidence—Properly Admitted.**

Where appellant had testified that he received the goods in question from a peddler by the name of Mooney, it was not error to permit the state to rebut this testimony by placing on the stand Frank Morris, one of appellant's accomplices, who denied that there was such a person as Mooney around the hotel when appellant received the stolen goods.

**6.—Same—Continuance—For Codefendant's Testimony—Properly Refused.**

Where appellant moved for a continuance to secure the attendance of his wife as a witness in his behalf, it being shown that his wife was jointly indicted with him, for the same offense, and if present would not be competent for that reason to testify in his behalf, no error is shown in the refusal of a continuance.

**7.—Same—Indictment—Held, Not Duplicitous.**

Where an indictment in separate counts charges appellant with burglary, with being an accomplice to burglary and receiving stolen property, these counts do not render the indictment duplicitous, and it was proper pleading for the state to charge each of them in the same indictment, the court having submitted but one count to the jury, and the court properly refused to quash the indictment. Following Trimble v. State, 18 Tex. Crim. App. 632, and Houston v. State, 47 S. W. 468. Also see page 261 Branch's P. C. for collation of authorities.

ON REHEARING

**8.—Same—Requested Charges—Properly Refused.**

On rehearing appellant presents that we did not in our original opinion pass upon the refusal of the court to give his special charges Nos. 10 and 11, presenting his affirmative defense of his being blind. The issues presented in these requested charges were fairly covered by the court's main charge, and also they border so closely on charges on the weight of the evidence, as to make it impossible for us to say that in any event they should have been given as framed. Finding no error of a reversible character, the motion for rehearing is overruled.

Appeal from the District Court of Hemphill County. Tried below before the Hon. W. R. Ewing, Judge.

Appeal from a conviction for receiving stolen property, penalty two years in the penitentiary.

The opinion states the case.

*J. W. Caldwell,* of Amarillo, and *Hoover, Hoover & Willis,* of Canadian, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is receiving stolen property; the punishment is two years in the penitentiary.

The facts show that a store was robbed in Canadian and the goods taken to Amarillo and that appellant was found in possession of more than one hundred dollars' worth of said goods. We think the testimony is amply sufficient to support the verdict and are satisfied that the two accomplice witnesses who testified against appellant in the case were amply corroborated by other testimony, tending to connect him with the offense charged.

We have carefully examined the various special charges offered by the appellant and refused by the court and think that the record fails to show any error with reference to the court's ruling thereon.

We also think it was proper for the court to permit the president of the corporation owning the store in which the burglary was committed to state to the jury all of the things that were missing from the store coincident with the time the burglary was committed. We think that the authorities in this State are clear to the effect that the State has the right to make proof as to the entire amount of the theft regardless of whether each article mentioned is named in the indictment or not. This testimony seems to us to be clearly admissible as a part of the res gestae. A conviction, however, can be sustained only for the theft of those articles named in the indictment.

By bill of exception No. 3, appellant complains at the action of the district attorney in making inquiry as to the identity of the wife of the appellant. We think it was permissible for the State to make this inquiry. The indictment contained in this record shows that Fred Rogers and Mrs. Fred Rogers were jointly indicted for this offense. This being true, the State could not use the said Mrs. Fred Rogers as a witness against the appellant if she was in fact his wife. On the contrary, if the testimony should develop that she was not his wife, if the State desired to do so, it would then have the right to use her as a witness. We think no error is shown with reference to the matters complained of in this bill of exceptions.

Complaint is also made at the court's action in permitting the district attorney to ask the defendant if he thought that the witness Crowder was such a man as would come upon the witness stand and swear a lie against him and also at the court's action in permitting the district attorney to ask the appellant while on cross examination as to whether the witness Crowder had been his friend up until last August. It seems from the bill of exceptions that the witness did not answer the first question as to what he thought about the witness Crowder lying against him when the question was asked and that the district attorney did not insist on an answer to the question until after a long and heated colloquy between him and appellant's counsel. The bill sets out many questions and statements made by the district attorney and many separate and distinct objections and exceptions made to each of them, and the bill ends by stating that to all of which acts and rulings of the court, the defendant then and there excepted and tendered this his bill of exception No. 4. We doubt if we ought to consider the bill because of its rather confused and involved contents. Griggs v. State, 99 Tex. Crim.

Rep. 215. We are clear, however, that it is not true that each of the matters complained of and excepted to in said bill shows error. For instance, it is perfectly apparent from the bill itself that the question to the appellant as to whether the witness Crowder had been his friend was a pertinent and proper cross-examination of appellant as a witness. In the form in which the bill is presented before we could hold that if it shows error it would be necessary for us to find that each of the matters objected to was erroneous. This, we are unable to do and therefore, hold that the bill shows no reversible error.

Neither do we think that bill No. 5 shows any reversible error. This bill complains because the district attorney asked the defendant whether or not if he had taken the goods in question he would tell the jury about it. This is not a proper method of cross-examination but we think it is not of such serious moment as to justify or authorize a reversal of the case.

Complaint is also made at the court's action in permitting the State to introduce one of the accomplices in rebuttal. This bill shows that appellant testified that he received the goods in question from a peddler by the name of Mooney who was staying at the hotel and the State in rebuttal placed on the stand Frank Morris, one of said accomplices and asked him whether or not he had seen a peddler at the place where appellant claimed he had received the goods from Mooney, and whether or not he knew of such a man being around there, and the witness answered each of these questions in the negative. We think this testimony was clearly in rebuttal of the appellant's testimony and was properly admissible as such.

Appellant also complains at the court's action in refusing to grant his first application for a continuance. This application shows that it was made on account of the absence of Mrs. Fred Rogers. The court qualifies this bill by stating that Mrs. Rogers was jointly indicted with the appellant for the same offense and was not a competent witness for him on the trial of this case. This ruling of the court was correct. Art. 82, P. C. of Texas; also see Section 732 Branch's P. C. for full collation of authorities. See also Ortiz v. State, 151 S. W. 1056.

The court ruled correctly in refusing to quash the indictment herein. The same was not duplicitous and did not contain counts repugnant to each other. The first count in the indictment charged Chambers and Morris with the offense of

burglary by breaking and entering a house owned by a corporation which the indictment named. The second count in the indictment charged this appellant and Mrs. Fred Rogers with unlawfully and wilfully advising, commanding and encouraging the said Chambers and Morris to commit said offense. In other words, it charged them with being accomplices to the burglary. The third count charged this appellant and Mrs. Fred Rogers with unlawfully and fraudulently receiving certain property alleged to have been stolen by Chambers and Morris from the firm on whose store the burglary was committed. These counts do not make the indictment duplicitous and it was a proper pleading for the State to charge each of them in the same indictment. The court submitted but one of said counts, to-wit, the one for receiving the stolen property, to the jury.

Under this condition of the record, it is clear that no error is shown by the court's action in refusing to quash the indictment. Trimble v. State, 18 App. 632; Houston v. State, 47 S. W. 468. Last paragraph, page 261, Branch's P. C., for full collation of authorities.

Finding no error in the record, it is our opinion that the judgment should be in all things affirmed.        *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BERRY, JUDGE.—Appellant complains in his motion at the holding of this court to the effect that no error was committed in refusing his special charges Nos. 10 and 11.

Special charge No. 10 was to the effect that the defendant was blind and by reason of such fact did not become aware that any property he received was stolen property; and charge No. 11 is to the effect that if the defendant is blind and for such reason did not see the names on the hotel register, then the jury should not consider the names and erasures on the book introduced as the register of the Ideal Rooming House for any purpose in this case.

While we did not write at length on these charges in the original opinion, yet they had our very careful attention. We think the court's main charge correctly presented the affirmative defenses offered by the appellant and we are of the opin-

ion that no error is shown in the court's failure to give special charges Nos. 10 and 11. If these special charges are not on the weight of the evidence, they border so closely thereon as to make it impossible for us to say that in any event they should have been given as framed.

The other matters presented in the motion for rehearing were fully discussed in the original opinion and notwithstanding the very able and very courteous motion for rehearing, we are constrained to believe that the matters discussed were correctly disposed of therein.

It is accordingly our opinion that the motion for rehearing should be in all things overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.