## OTIS EVERSOLE V. THE STATE.

No. 10809.   Delivered March 23, 1927.

Rehearing denied May 4, 1927.

**1.—Theft of Cattle—Former Conviction—Plea Of—Rule Stated.**

Where, on a trial for cattle theft, appellant files his plea of former conviction, and it appears that the conviction upon which he bases the plea is still pending on appeal, the plea will not lie. "The plea of former conviction cannot be interposed where the judgment in which the conviction is claimed, has been appealed from, and is pending at the time the plea is interposed in the case on trial."  See Dupree v. State, 56 Tex. Crim. Rep. 562.

**2.—Same—Continuance—Second Application—Properly Refused.**

Where appellant presented his second application for a continuance on account of the absence of three witnesses, and on the hearing of his motion for a new trial, on issue joined, evidence was heard and the court decided the issues against the appellant, this being a matter within the discretion of the trial court, his action thereon will not be disturbed.  See McCulley v. State, 280 S. W. 223, and Cruz v. State, 272 S. W. 486.

### ON REHEARING.

**3.—Same—Continuance—Discretion of Court—Rule Stated.**

Where appellant complains of being denied a continuance, and the overruling of his motion for a new trial based thereon, and nothing appears in the record showing that the witnesses named in the application for a continuance were present when claimed to be, or that they would have given the testimony stated by appellant, the discretion of the trial judge in acting upon such motion will not be disturbed.  Distinguishing Roquemore v. State, 114 S. W. 140.

Appeal from the District Court of Fort Bend County.   Tried below before the Hon. M. S. Munson, Judge.

Appeal from a conviction for theft of one cattle, penalty two years in the penitentiary.

The opinion states the case.

*F. O. Fuller* and *C. H. Chernosky* of Houston, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted of the offense of cattle theft, and his punishment assessed at a term of two years in the penitentiary.

The contention of the state was that the appellant took two

head of cattle belonging to one Y. U. Jones. The cattle were found in appellant's pasture, Jones afterward regaining possession of them.

The appellant defended on the ground that he purchased the cattle from one Howard Smith, and introduced in evidence a bill of sale to said cattle, signed by Howard Smith. Appellant also interposed a defense of former conviction, alleging that he had already been convicted for this same offense in cause No. 4956, State of Texas v. Otis Eversole, in the District Court in which he was being tried in the instant case.

The record discloses that the judgment of conviction in the case upon which the appellant bases his plea of former conviction is now pending on appeal in this court, same being cause No. 10808. The learned trial judge submitted to the jury for their consideration appellant's plea of former jeopardy. This was really more than the appellant was entitled to under the law. The rule seems to be, as laid down in Dupree v. State, 56 Tex. Crim. Rep. 562, as follows:

"The plea of former conviction cannot be interposed where the judgment in which the conviction is claimed has been appealed from and is pending at the time the plea is interposed in the case on trial."

Cause No. 4956, on the docket of the District Court of Fort Bend County, is the case upon which appellant bases his plea of former conviction. In that case appellant was tried and convicted and his punishment fixed at two years and is now pending in this court on appeal.

Appellant's bill of exception No. 1 complains of the action of the trial court in overruling his motion for a continuance predicated upon the absence of three witnesses. This matter was considered by the trial court on motion for rehearing, and issue was joined by the state as to whether the testimony could be procured from any other source and as to the testimony being probably true. The court decided these issues against the appellant as shown by the judgment of the court overruling said motion for a new trial. This being a matter within the discretion of the court and there being nothing in the record showing any abuse of such discretion, this bill as presented shows no error. McCulley v. State, 280 S. W. 223; Cruz v. State, 272 S. W. 486.

The remaining bills of exception appearing in the record presenting no error, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

Appellant complains of our opinion on this rehearing solely because we upheld the action of the lower court in refusing his application for a continuance. He cites the case of Roquemore v. State, 114 S. W. 140. We perceive no contradiction at all between the holding in the Roquemore case and the instant case. Appellant asked for a continuance because of the absence of certain witnesses. The continuance was refused. The motion for new trial was based in part on the refusal of the continuance. The motion for new trial was refused. This was complained of as error. In order to determine the question as to whether it was error, we look to the record.

There is nothing in the record leading us to believe that the witnesses named in the application for continuance were present, when he claims they were, or that they would have given the testimony stated by appellant as expected of them. In such case the trial judge has discretion, and unless there be something in the record to lead us to believe that his refusal of the motion for new trial was an abuse of that discretion, we will uphold his action.

Believing the decision announced in our original opinion correct, the motion for rehearing is overruled.

*Overruled.*