O. G. ALLEN v. THE STATE.

No. 12547.¹ Delivered May 8, 1929.

The opinion states the case.

*J. B. Stubblefield* of Eastland, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is manufacturing intoxicating liquor; the punishment confinement in the penitentiary for two years.

Omitting the formal parts appellant's voluntary confession read as follows:

"On September 7th, 1928, about eight o'clock a. m. Mr. J. W. Brawley and myself, O. G. Allen, manufactured about eight gallons of whiskey on Mr. J. W. Brawley's place about 200 yards northwest of where Mr. J. W. Brawley lives. We finished running this batch of whiskey about dark on September 7th, 1928. The last two runs of whiskey was made by Mr. J. W. Brawley and myself in the above named place."

Officers testified that they went to J. W. Brawley's place on the 7th of September, 1928, and found a barrel of whiskey, a still and about four barrels of mash. The officers testified that they found a place about 200 yards northwest of the house where someone had been making whiskey. We are of the opinion that the evidence is sufficient to support the conviction.

Appellant filed his plea of former conviction in which it was alleged that he had therefore been convicted of possessing intoxi-

cating liquor for the purpose of sale and that the offense for which he was being prosecuted on the instant trial was the same transaction and offense as that for which he had theretofore been legally convicted. The court submitted the issue to the jury. The undisputed evidence was to the effect that although appellant had been convicted of the offense of possession of intoxicating liquor for the purpose of sale growing out of the possession of the whiskey he was charged with manufacturing an appeal had been taken from such a conviction and the case was then pending on appeal in this court. Hence the judgment of conviction in the former case had not become final at the time of the trial of the instant case. It follows that his plea of former conviction was unavailable. Faubion v. State, 282 S. W. 599; Dupree v. State, 120 S. W. 871. Appellant made no application for a continuance.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.