May a motion, filed during the course of a trial and pending an appeal from a prior conviction, praying that the second trial for the same offense be declared a mistrial and the cause continued pending the final determination of the appeal from the first conviction function to preserve a defendant's rights against being twice put in jeopardy for the same offense is the issue to be determined as presented by the State's brief. Appellants have filed no brief.
[1] Roy Bockman and Joe Bockman appeal from a judgment, under date of March 28, 1938, imposing four years' imprisonment upon a conviction under a charge for the larceny "on or about August 24, 1937, at the . . . county of Oregon . . .," of one "heifer," particularly described, the property of "N.W. Huskey." Prior thereto, on December 21, 1937, appellants had been convicted and sentenced to three years' imprisonment under a charge for the larceny "at and in Carter county, . . . on or about the ____ day of August, 1937," of four "heifers," particularly described, the property of "Eugene Oesch and Fred Oesch." Huskey's heifer was on a stock range in Oregon county with the heifers of Eugene and Fred Oesch, and after the theft appellants brought the heifers into Carter county. See Section 3379, Revised Statutes 1929 (Mo. Stat. Ann., p. 3074), for authority to institute a prosecution in Carter county. The theft of neat cattle is grand larceny, subjecting the offender to imprisonment (see Secs. 4064 and 4065, R.S. 1929, Mo. Stat. Ann., pp. 2865 and 2871).
[2] The State admits the theft of several articles of property belonging to different owners at the same time and from the same place constitutes, in law, but one offense (see State v. Citius,331 Mo. 605, 611 (II), 56 S.W.2d 72, 74(4), and cases cited); makes no contention the informations cover different offenses; [3] but contends that since appellants' appeal from the first conviction was pending at the time of the second trial, appellants' plea of "former conviction" was not available to appellants; citing in support thereof Fay v. State (Okla.),71 P.2d 768, 770(1, 2); Eversole v. State, 106 Tex.Crim. 575, 576, 294 S.W. 208, 209(1); Allen v. State, 102 Tex.Crim. 448,17 S.W.2d 49 (2); Phillips v. State, 73 Tex.Crim. 317, 322, 164 S.W. 1004, 1006(1). The ruling of the instant review does not call for a discussion of distinctions between pleas of autrefois acquit or autrefois convict or former jeopardy. [See 4 Blackstone, 335(IV); 1 Chitty Cr. Law, 451 et seq.; Art. 2, Sec. 23, *Page 82 
Mo. Const., 15 Mo. Stat. Ann., p. 354; Secs. 3664, 4453, 4454, 4455, R.S. 1929, Mo. Stat. Ann., pp. 3217, 3059, 3060, 3061; State v. Buente, 256 Mo. 227, 234 (I), 241, 165 S.W. 340, 341 (I), Ann. Cas. 1915D, 879, 881(I); State v. Linton, 283 Mo. 1, 7(III), 222 S.W. 847, 848 (4); State v. Hatcher, 136 Mo. 641, 643, 38 S.W. 719; State v. Snyder, 98 Mo. 555, 559 (I) 12 S.W. 369, 370 (I).] Although there is authority contra, the foreign cases, supra, lend support to the State's contention (consult Dupree v. Texas, 56 Tex.Crim. 563, 565, 120 S.W. 871, 872, 23 L.R.A. (N.S.) 596, 598, annotated, 133 Am. St. Rep. 998, 999), but do not rule the issue in this State. What is said in Fay v. State, supra, on the instant issue appears to be dictum. Powell v. State, 42 Tex.Crim. 11, 12, 57 S.W. 94, 95, holds a defendant, upon proper application, is entitled to have the second trial postponed until the final disposition of an appeal from a prior conviction for the same offense. [See dictum in the Phillips and Dupree cases, supra.] The Phillips case, supra, states the defense of former jeopardy is not available in Texas under a plea of not guilty.
Our Section 3664, supra, specifically provides that "the fact of the former . . . conviction . . . may be shown under the general issue or plea of not guilty." The two informations here involved do not disclose upon their face that they relate to one and the same offense. Appellants announced ready "under our agreement," which the court indicated it understood. They confined their efforts to establishing the two informations covered the same offense. At the close of the evidence they interposed the written motion here involved. It was not the usual motion for a continuance to be applied for before trial as suggested by the State, citing 16 Corpus Juris, page 497, note 36. Under the unquestioned facts, the court should have sustained said motion and declared a mistrial or possibly withheld ruling thereon and, after the verdict of guilty and filing of motion for new trial (if such be filed), treated said motion as sufficient grounds to stay further proceedings pending the final determination of the appeal from the first conviction. We, therefore, hold appellants sufficiently invoked the protection of their rights under that maxim of the common law, approved by varying Federal and State constitutional and statutory provisions, that no man shall be twice put in jeopardy of life and limb (or convicted) for the same offense. COOLEY, C., in an opinion receiving merited commendation, had occasion to discuss the splitting up of a single crime and successive prosecutions in State v. Toombs, 326 Mo. 981, 34 S.W.2d 61.
[4] We are not unmindful of the statements in State v. Smith,66 Mo. 61, 63, and State v. Williams, 147 Mo. 14, 19 (4), 47 S.W. 891 (4), that ". . . each transportation of stolen property from one county to another is a fresh theft." Section 3379, supra, is a venue statute and is clearly so treated in State v. Crow,337 Mo. 387, 401(1), 84 S.W.2d 926, 928 (1, 2); and Ibid, 87 S.W.2d 427(1). The *Page 83 
issue in the Smith and Williams cases involved venue, not substantive law.
The judgment is reversed and (taking judicial notice of our own records disclosing that the appeal involving the theft of the Oesch cattle has been dismissed — our number "4043, M.D." — and that said conviction has become final), appellants are discharged from further proceedings under the instant information. Cooley
and Westhues, CC., concur.