STATE of Missouri, Respondent,

v.

Ulysses Simpson Grant THOMPSON,
Appellant.

No. 45629.

Supreme Court of Missouri,

En Banc.

May 11, 1959.

John M. Dalton, Atty. Gen., Aubrey R. Hammett, Jr., Asst. Atty. Gen., James E. Conway, Asst. Atty. Gen., for respondent.

Ulysseus Simpson Grant Thompson, appellant and affiant, pro se.

## STORCKMAN, Judge.

The appellant, Ulysses Simpson Grant Thompson, was found guilty by a jury in the Circuit Court of the City of St. Louis of murder in the second degree and his punishment was assessed at twenty-five years' imprisonment. He was sentenced in accordance with the verdict on November 17, 1948. He did not file a motion for new trial and no appeal was taken. He is now imprisoned in the Missouri State Penitentiary. This appeal is from the overruling of defendant's motion to vacate and set aside the judgment and sentence, a proceeding filed in the trial court on May 1, 1956, pursuant to Supreme Court Rule 27.26, 42 V.A.M.S. The appeal was heard in division and transferred to the court en banc because a member of the division dissented from the opinion rendered.

The motion to set aside and vacate the judgment and sentence, filed in the trial court on May 1, 1956, and which is the basis of this appeal, consists of sixteen typewritten pages and is interspersed with argument and citations to and quotations from authorities. This, however, is but a small part of the applications, motions, letters, and other documents filed in this court by the defendant, most of which have no bearing on the merits of the appeal. The defendant claims he is entitled to be released because the sentence was imposed in violation of provisions of the Constitution of this State and the United States. Many of the allegations are vague, contradictory and of doubtful sufficiency, but construing the motion most broadly and favorably to the defendant, the grounds alleged are substantially as follows:

(1) That, prior to the trial of the homicide case, the defendant requested the various court-appointed attorneys to file a motion to suppress evidence which, he asserted, was obtained illegally and unlawfully without warrant in violation of constitutional provision, and that he, pro se, had moved for a hearing which was denied, although, prisoner-movant asserts, it was "encumbent upon the court to grant defendant's motion and appoint counsel to argue the case and represent defendant at the pretrial hearing"; (2) that the court erred in permitting the circuit attorney in his opening statement to display several documents and explain to the jury that they were five indictments charging the defendant with very serious crimes, and on one of which charging second degree murder the defendant would be tried, and the defendant asserts that those relating to other crimes were inadmissible; (3) that the trial court erred in admitting evidence of prior convictions supposedly of the defendant and in permitting the circuit attorney to inform the jury that the defendant was an ex-convict when in truth the defendant had not prior to the trial served time in any penitentiary, and the records in the circuit attorney's possession were those of some other person or persons— probably of defendant's brother; (4) that the defendant was forced to act as his own counsel without advice from anyone; (5) that the defendant during the course of the trial requested a copy of the indictment

and the request was refused after which the defendant requested that the indictment be read to him which was also refused in violation of his constitutional rights to be informed of the charge against him and due process of law; (6) that during the trial the defendant requested the court "for the subpoena of certain witnesses, to refute and deny the damaging, perjured statements made by arresting officers" which request the court refused in violation of the defendant's right to have compulsory process for obtaining witnesses; and (7) that the defendant was prevented from filing a motion for new trial and taking an appeal by unlawful acts of the circuit attorney, the trial court, the public defender's office, and the officials of the city jail.

The order entered in the circuit court on May 1, 1956, overruling the motion to vacate, reads as follows:

"Leave granted defendant in above cause to file motion to set aside sentence and judgment as provided for in Rule 27.26 of the Supreme Court of Missouri, as a poor person granted.

"Application to set aside judgment and sentence of defendant in this cause denied as provided in Rule 27.26 of the Supreme Court of Missouri, as follows:

" 'The Court need not entertain a second motion or successive motions for similar relief on behalf of the same prisoner.'

"An application of this same kind was presented and ruled on by this Court on June 19, 1953, wherein the following order was made on said application:

" 'June 19, 1953, motion to proceed as pauper considered and sustained. * * *.'

" 'On June 19, 1953, this motion is taken by the Court as submitted, is considered and denied. The effect of this motion is to ask for a new trial and said proceeding cannot now take place legally; also, a like motion was previously considered and ruled upon on March 3, 1952, * * *.' "

We do not have before us the motion of March 3, 1952, but the application ruled on June 19, 1953, made substantially the same charges as the motion of May 1, 1956, except that the former motion alleged that during the course of the trial the court refused to subpoena on behalf of the defendant "several nurses and Doctors," without naming them, so that the defendant might refute the testimony of police officers "who falsely testified that the prisoner had been identified by the fatally wounded victim as his assailant" while the victim was in bed in a hospital room.

■ Rule 27.26 is, in substance, the same as similar provisions of 28 U.S.C.A. § 2255, relating to judgments of the federal courts. State v. Eaton, Mo., 280 S.W.2d 63. The purpose of § 2255 was to minimize the defects encountered in habeas corpus proceedings instituted in the district court of the prisoner's confinement by providing a remedy for determining the legality of the detention in the court imposing the sentence where the issues could be presented more conveniently and expeditiously. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232. Likewise, Rule 27.26 affords a prisoner a convenient means for a direct attack on the judgment of conviction by motion in the original proceeding. The attack is governed by the general principles applicable to a habeas corpus proceeding within the grounds specified in Rule 27.26, and will lie only where the judgment of conviction is void or otherwise subject to collateral attack. State v. Cerny, 365 Mo. 732, 286 S.W.2d 804, and cases therein cited; Dockery v. United States, 4 Cir., 237 F.2d 518; State v. Freedman, Mo., 282 S.W.2d 576. The guilt or innocence of the prisoner cannot be considered on habeas corpus or its counterpart a motion under Rule 27.26, but only the legality of his restraint. 39 C.J.S. Habeas Corpus § 13, p. 441; Miller v. Gerk, Mo.App., 27 S.W.2d 444, 446 [9].

. ■ The statutory motion to vacate and set aside a judgment and sentence may not

be used in lieu of an appeal to review errors committed in the course of the trial, even though such errors relate to constitutional rights, or to question the sufficiency of the evidence to support the conviction. United States v. Trumblay, 7 Cir., 234 F. 2d 273; Taylor v. United States, 4 Cir., 177 F.2d 194; State v. Cerny, supra; 39 C.J.S. Habeas Corpus § 15, p. 444, § 21, p. 469.

■ If a prisoner files a motion pursuant to Rule 27.26, which is considered, overruled, and no appeal taken, a subsequent motion or successive motions based on the same grounds, and seeking similar relief, need not be entertained by the court, inasmuch as the order overruling the former motion is "deemed a final judgment" within the purview of Rules 28.03 and 28.04. State v. Campbell, Mo., 307 S.W.2d 486, certiorari denied 356 U.S. 922, 78 S.Ct. 708, 2 L.Ed.2d 718; State v. Hurst, Mo., 280 S.W.2d 115; Rule 27.26, supra.

Rule 27.26 requires that: "Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the prosecuting attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." It is readily apparent that many of the allegations in defendant's motion to vacate are legally insufficient as grounds for relief under Rule 27.26. In the circumstances of this case, however, we need not determine their respective merits or determine whether the order of the trial court ruling the motion of May 1, 1956, or a previous motion, was a sufficient compliance with the rule because all of the matters of the substance alleged therein have been heard and adjudicated by this court in its judgment rendered May 21, 1951, in a habeas corpus action filed by Thompson against the warden of the penitentiary.

■ The supreme court takes judicial notice of its own records. State v. Green,

Mo., 305 S.W.2d 863, 869 [5]; State v. Bockman, 344 Mo. 80, 124 S.W.2d 1205, 1206 [7]. It follows that this court will take judicial notice that the same issues have been reviewed by this court through another medium and finally adjudicated. Meyer v. Goldsmith, Mo., 196 S.W. 745, 746 [5], dismissing appeal 185 Mo.App. 707, 171 S.W. 606, error dismissed 246 U.S. 678, 38 S.Ct. 316, 62 L.Ed. 934.

Hood v. United States, 8 Cir., 152 F.2d 431, was an appeal from a motion to vacate and set aside a judgment and sentence of twenty-five years' imprisonment imposed on each of the appellants. The judgment of conviction was entered on August 2, 1943, and no appeal was taken. The motion to vacate was filed April 30, 1945. In its response the government alleged that all the issues raised in the motion to vacate were presented and adjudicated adversely to the defendants in habeas corpus proceedings filed January 20, 1944, in the United States District Court at Leavenworth, Kansas, where the defendants were imprisoned. The U. S. Court of Appeals, among other things, held that the District Court of the United States for the Eastern District of Missouri could take judicial notice, not only of its own record in the original case, including docket entries, but also of the records in the habeas corpus proceedings in the United States District Court for the District of Kansas.

■ The merits of the instant appeal must be considered and determined in the light of the records of this court as well as the transcript of the record in the pending case. This factual setting discloses that the defendant Thompson was indicted on a charge of murder in the second degree at the September Term 1947. On December 12, 1947, he was arraigned and entered a plea of not guilty. Prior to the trial the defendant was twice represented by attorneys in the private practice, and on three occasions attorneys from the public defender's office were appointed. On January 13, 1948, the public defender withdrew

and, by leave of court, Mr. Morris A. Shenker entered his appearance. On March 8, Mr. Shenker withdrew and the public defender re-entered the case. On June 7, 1948, Mr. John P. Sullivan entered his appearance as attorney for the defendant and the public defender withdrew. On July 15, 1948, Mr. Sullivan withdrew and the public defenders were again appointed to represent defendant. The defendant was on bail prior to May 10, 1948, on which date he was surrendered by his bondsman and he was placed in custody. The case was pending approximately one year before the defendant was tried. The minute entries show that the case was continued seven times on behalf of the defendant, and once for want of time to try. The trial began on October 4 and was concluded on October 8, 1948.

At the beginning of the trial, Mr. Joseph Noskay, the public defender, then the attorney of record, advised the court in the presence of the defendant that he believed the defendant wanted to handle the case by himself. The defendant stated that he was going to handle his own case and all he wanted Mr. Noskay to do was to read sections of the law to the jury and the court. The court advised the defendant it was not Mr. Noskay's function to read any law to the jury; that the court instructed the jury on the law; and that the jury passed on the facts. The defendant asserted that was all he needed and the following then occurred:

"The Court: You don't want Mr. Noskay to represent you? You don't want an attorney?

"The Defendant: No, sir.

"The Court: The Court has informed you that it will appoint an attorney—

"The Defendant: I do not wish that.

"The Court: All right. You may withdraw, Mr. Noskay."

After the return of the verdict on October 8, the court allowed the defendant thirty days in which to file a motion for new trial. In his motion to vacate, Thompson states that immediately after his conviction he mailed a letter to Mr. John Raeburn Green, an attorney, telling him that his constitutional rights had been violated and that he would like to file a motion for new trial; that thereafter on October 11, Mr. Roth, an attorney, presumably Mr. Benjamin Roth, came to see the defendant and advised him to secure counsel to file a motion for new trial; that on October 20, he was taken into court and asked if he was going to file a motion for new trial; that he asked for a copy of the trial transcript and the court told him he would send Mr. Noskay, the public defender, to see him, that Mr. Noskay did not come to see the defendant and he did not receive a copy of the trial transcript. No motion for new trial was filed and on November 17, 1948, the defendant was sentenced in accordance with the verdict. The judgment recites that the defendant appeared without counsel; that the court informed him of his right to counsel and explained wherein the exercise of said right might be of benefit to defendant, but the defendant waived his right to counsel, and the court found that the defendant was mentally able and sufficiently informed to decide his need for counsel. Allocution was granted and sentence was pronounced.

Since being imprisoned, the defendant has filed numerous applications seeking to be relieved of his sentence. On February 27, 1951, he filed in the supreme court a petition for a writ of mandamus, No. 42538, to require the Circuit Court of Cole County to decide the issues heard and submitted to it in a habeas corpus proceeding filed by the defendant. The Circuit Court of Cole County had found the issues against Thompson and remanded him to the custody of the warden and the petition for a writ of mandamus was denied by this court.

On April 2, 1951, the prisoner filed in the supreme court Cause No. 42594, a petition for writ of certiorari, seeking a review of the judgment of the circuit court in the habeas corpus action. This petition was denied by the supreme court for failure to state a claim upon which relief could be granted.

Next, on May 4, 1951, the prisoner filed in the supreme court Cause No. 42652, a petition for writ of habeas corpus; the petition was sustained and the writ issued. The return of the warden pleaded the judgment of November 17, 1948, and the commitment pursuant thereto. The following persons were subpoenaed: Mr. P. L. Hughes, official court reporter of the Circuit Court of the City of St. Louis; Mr. Thomas E. Dowling, Assistant Circuit Attorney of the City of St. Louis; and Mr. James H. McAteer, Clerk of the Circuit Court for Criminal Causes. A hearing was held at which the defendant was present and the supreme court found the issues against the defendant.

The prisoner's petition in this habeas corpus proceeding, No. 42652, alleged that his constitutional rights were violated at his trial in that: (1) "he was forced to act as his own counsel in a murder trial, and was denied the right to obtain witnesses in his behalf"; (2) that he was arrested without a warrant, and a bayonet was illegally seized at the time of arrest and was introduced in evidence "as the murder weapon over the protest of the defense"; (3) that records of criminal conviction were admitted in evidence which were not those of the petitioner "all over the vehement denial and protest of the defense"; (4) that the prosecuting attorney produced five indictments at the trial without presenting the defendant with a copy of any of them, and that the prosecuting attorney deliberately misled the jury to believe that there was a second murder charge pending; (5) that the defendant was deprived of his right to file a motion for new trial within the time prescribed by law; and (6) that the petitioner in open court requested a copy of the indictment and the request was refused, in violation of his right to be informed of the charges against him. Those were the principal charges of Thompson's petition, although related and subsidiary allegations were made.

Based on these charges and the evidence adduced, this court rendered the following judgment on May 21, 1951:

"Now at this day, comes the petitioner in person and the respondent, by attorney, and after hearings herein the cause is submitted to the court on the proof adduced.

"And now the court having seen and examined the pleadings and considered the evidence, doth find that the petitioner had counsel of his own choice in the trial court and that such counsel was permitted to withdraw of record; that thereafter the trial court appointed counsel for petitioner; that thereafter petitioner appeared before the trial court and requested the court's permission to appear and act as his own counsel in the trial of his case; that the trial court of record granted such request of petitioner; that the trial court protected the constitutional rights of petitioner; that petitioner was accorded process of witnesses and other rights given him by law; that petitioner intelligently waived his right to be represented by a member of the bar in the trial of his case and acted as his own counsel after a hearing before the court.

"It is therefore ordered and adjudged by the court that the writ of habeas corpus heretofore issued herein be, and the same is hereby quashed and the petitioner is hereby remanded to the custody of the respondent."

Notwithstanding this hearing and adverse judgment, appellant again applied to this court for a writ of habeas corpus in Cause No. 44169; and, on January 11, 1954, this order was entered:

"Now at this day the court having seen and considered petitioner's motion for

leave to file petition for habeas corpus as a poor person doth order that said motion be and the same is hereby sustained.

"And now on consideration of the petition for a writ of habeas corpus the court doth order that said petition be and the same is hereby denied for failure of the new assignments to state a claim upon which relief can be granted, all other assignments having been previously heard and determined on May 21, 1951."

Thereupon Thompson petitioned the Supreme Court of the United States for a writ of certiorari to review the decisions of the Supreme Court of Missouri in "Case No. 42652, 42594, 42538, 44169." The petition was denied by the Supreme Court of the United States on October 14, 1954. See Thompson v. Eidson, 348 U.S. 841, 75 S.Ct. 61, 99 L.Ed. 663.

Thereafter, appellant again filed in this court a petition for a writ of habeas corpus, Cause No. 47036, and the following entry was made of record on July 14, 1958: "Now at this day the court having seen and considered petitioner's motion for leave to file petition for habeas corpus as a poor person doth order that said motion be and the same is hereby denied because the same matters have previously been presented and ruled by the court and for the further reason petitioner has a cause pending for hearing before the Court en banc."

In this last case, No. 47036, Thompson's petition states: "The petitioner presents here the allegations why this writ of habeas corpus should issue; and *these same allegations will be found in case No. 42,652, No. 44,169; and Case No. 12,066 in the Circuit Court of Cole County.*" (Emphasis supplied.)

Obviously the defendant has had many days in many courts, including the Circuit Court of the City of St. Louis, the Circuit Court of Cole County, the Supreme Court of Missouri, and the Supreme Court of the United States. He spurned the services of able and conscientious lawyers well versed in criminal law and in civil rights. It may be assumed that their advice though sound was not to his liking since in his motion to vacate he makes this partial concession: "Part of this situation is due to the pigheaded stuborness [sic] on the part of the defendant, but irregardless of the situation, defendant's rights should have been upheld by the trial court." Several hundred years ago, John Heywood in his *Proverbes* made this sage observation: A man may well bring a horse to the water, But he cannot make him drinke without he will." Courts can do no better.

■ A motion to vacate under Rule 27.26 is not cumulative but is an alternative remedy intended to provide a more convenient and expeditious means than habeas corpus to determine the legality of an imprisonment. State v. Cerny, 365 Mo. 732, 286 S.W.2d 804, 806. A contrary view would not be in keeping with the intent expressed in § 532.040 of the Habeas Corpus Act which is: "Whenever an application under this chapter for a writ of habeas corpus shall be refused, it shall not be lawful for any inferior court or officer to entertain any application for the relief sought from, and refused by, a superior court or officer."

We find that all of the issues Thompson now seeks to have determined have been adjudicated adversely to him by the supreme court in the prior habeas corpus proceeding on May 21, 1951, and he is thereby precluded from litigating the questions further by means of a motion to vacate and set aside under Rule 27.26 filed in the trial court. Collins v. United States, 8 Cir., 206 F.2d 918, 922 [4]; Hood v. United States, 8 Cir., 152 F.2d 431, 435 [7]; Wells v. United States, 318 U.S. 257, 63 S.Ct. 582, 584, 87 L.Ed. 746.

In these circumstances the prisoner was not entitled to relief under Rule 27.26 and the court did not err in denying his motion. Accordingly the judgment is affirmed.

All concur.