STATE of Missouri, Respondent,

v.

Milton ZAVALCOFSKI, Appellant.

No. 48810.

Supreme Court of Missouri,
Division No. 1.

Oct. 9, 1961.

Milton Zavalcofski, appellant, pro se.

Thomas F. Eagleton, Atty. Gen., Julian L. O'Malley, Asst. Atty. Gen., for respondent.

HOLMAN, Commissioner.

On November 9, 1960, defendant entered a plea of guilty in the Circuit Court of Laclede County to a charge of robbery in the first degree by means of a dangerous and deadly weapon. The court fixed his punishment at imprisonment for a term of 20 years, and judgment was entered accordingly. On February 7, 1961, defendant filed a motion to vacate the judgment pursuant to S.Ct. Rule 27.26, V.A.M.R. The trial court made an order in which it found that the "files and records show to the satisfaction of the court that the prisoner is entitled to no relief," and the motion was accordingly overruled without granting a hearing thereon. Defenndant has appealed from the order and judgment overruling his motion to vacate.

Defendant's pro se motion alleged that he was denied due process of law and equal protection of the law in the trial court in the following respects: (1) He was induced to enter a plea of guilty upon the offer of the prosecuting attorney to recommend a six-year sentence and that said offer was in bad faith and said recommendation was never made to the court, (2) the court erred in allowing the prosecuting attorney to state at the hearing that the defendant had committed other offenses in other states of which he had not been convicted, and (3) the court erred in questioning the defendant concerning those offenses and obtaining an admission of guilt as to the same without first warning defendant of his right to refuse to incriminate himself. These points are reasserted in defendant's pro se brief filed in this court.

We will briefly state the proceedings that transpired at the time defendant entered his plea of guilty as shown by the transcript. The court first appointed an attorney to represent the defendant. It next explained the penalty for the offense and advised the defendant that he would not be required to plead that day unless he wanted to but would be given time to consult with friends or relatives and prepare for trial if he so desired. The following then occurred: "The Court: Understanding the nature of the charge, understanding the range of the penalty, and understanding that you are entitled to have a jury trial and that you are not required to dispose of this case until you have been given a reasonable opportunity to do so, what is your plea to the charge, guilty or not guilty? Defendant Zavalcofski: Guilty, sir."

The prosecuting attorney next stated the facts concerning the robbery and in response to a question by the court the defendant agreed that, with two minor exceptions, the statement was correct. The court then inquired as to previous convictions and was told by the prosecuting attorney that defendant had admitted to the officers that he was involved in "the blowing of a safe" in Massachusetts and had taken part in a recent armed robbery in Ohio. In response to questions by the court defendant stated that he had not been convicted of any crime but had participated in the two offenses mentioned by the prosecuting attorney. At this point defendant's attorney made a statement in behalf of defendant. The court then fixed defendant's punishment and the following oc-

curred: "The Court: Mr. Zavalcofski, you have entered your plea of guilty as charged and your punishment has been fixed at twenty years in prison. Do you have any legal reason to offer why sentence should not be formally pronounced at this time? Defendant Zavalcofski: No, sir. The Court: Do you have anything to say? Defendant Zavalcofski: No, sir." It will be noted that the prosecuting attorney made no recommendation to the court concerning defendant's punishment. After defendant had been formally sentenced he inquired of the court as to whether he would be taken to Ohio (presumably for trial) after serving his sentence in Missouri and was told that "whether they will do that depends on the authorities there. In view of this sentence they may or may not do it, but they have the right to do it. Defendant Zavalcofski: I see."

We have recently stated that "Rule 27.26 affords a prisoner a convenient means for a direct attack on the judgment of conviction by motion in the original proceeding. The attack is governed by the general principles applicable to a habeas corpus proceeding within the grounds specified in Rule 27.26, and will lie only where the judgment of conviction is void or otherwise subject to collateral attack." State v. Thompson, Mo.Sup., 324 S.W.2d 133, 135.

■ Since no hearing was held in the trial court we will assume for the purposes of this appeal that defendant's allegation concerning the offer of the prosecuting attorney to recommend that his punishment be fixed at imprisonment for a term of six years, and his failure so to do, is true and will determine whether those assumed facts would be sufficient to require that the judgment be vacated as prayed for in defendant's motion. In this connection it should be borne in mind that the trial court would not have been bound by the recommendation of the prosecuting attorney. It will also be noted that neither defendant nor his attorney made any protest or objection when the court fixed the punishment although they were given ample opportunity to do so. Nothing in the transcript indicates that defendant was in any manner dissatisfied with the sentence. No motion, either oral or written, was made or filed seeking permission for defendant to withdraw his plea of guilty. See Rule 27.25, V.A.M.R. If defendant had been misled by the offer of the prosecuting attorney to make a recommendation which he thereafter failed to make such would have been a proper ground for the exercise of the court's discretion in sustaining such a motion. If the trial court, after an appropriate hearing, had overruled a motion to withdraw his plea of guilty defendant could have appealed to this court for a review of that action. State v. Hovis, 353 Mo. 602, 183 S.W.2d 147; State v. Reynolds, 355 Mo. 1013, 199 S.W.2d 399. We are of the opinion, however, that under the circumstances herein detailed the failure of the prosecuting attorney to carry out his alleged offer to recommend a certain punishment to the court would not cause the judgment entered on defendant's plea of guilty to be void or otherwise subject to collateral attack. It therefore follows that the trial court did not err in denying relief upon that ground in this proceeding under Rule 27.26.

■ We are also of the opinion that the second and third grounds alleged in the motion are without merit and would not authorize an order vacating the judgment herein. The defendant was a nonresident of the state and apparently had not been known by the court or others in the community. Under those circumstances it would appear appropriate for the court to obtain relevant information which would assist in determining the extent of the punishment which should be imposed in the case. Our Rule 27.07(b), V.A.M.R., providing for a presentence investigation, indicates that such is an approved procedure. It was proper for the prosecuting attorney to advise the court that defendant had admitted participation in two other felonies. The court, in order to determine the cor-

rectness of that information, did not infringe upon defendant's constitutional rights in inquiring of the defendant concerning the truth of the statements and, under those circumstances, was not required to warn him of his right to refuse to incriminate himself.

The judgment is affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.