STATE of Missouri, Plaintiff-Respondent,

v.

John Earl MANNS, Defendant-Appellant.

No. 36537.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Feb. 7, 1976.

Lawrence O. Willbrand, St. Louis, for defendant-appellant.

John G. Danforth, Atty. Gen., Preston Dean, Robert L. Presson, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, for plaintiff-respondent.

KELLY, Judge.

John Earl Manns, appellant, was convicted by a jury of Robbery in the First Degree by means of a Dangerous and Deadly Weapon, Secs. 560.120 and 560.135 RSMo 1969; the jury could not agree on a sentence and so advised the trial judge who accepted their verdict of guilty and sentenced the appellant to a term of twenty years in the custody of the Missouri Department of Corrections. A Motion for New Trial was filed, overruled, sentence imposed and this appeal followed. We affirm.

Appellant does not challenge the sufficiency of the evidence to support the finding of the jury and a short statement of the facts, viewed most favorably in support of the jury verdict, will suffice. Amerson Pratt was the proprietor of the Carl Bolch Fina Service Station at 7312 South Broadway in the City of St. Louis, and on April 7, 1974, had in his employ a 17 year-old high school student, Gil Mertz, as a "night man" pumping gasoline. At approximately 10 p. m. on April 7, 1974, a Sunday night, Mr. Mertz was in the service station office when two Black men approached him, entered the service station, held him up taking $63.00 in money and fled from the scene. Mr. and Mrs. Pratt pulled onto the service station property at about the same time the two Blacks fled from the service station, observed them doing so, and Mr. Pratt pulled his car up to the entrance to the service station office where Mrs. Pratt alighted from the car and entered the service station office to ascertain whether Mr. Mertz had been injured. Mr. Pratt, immediately after Mrs. Pratt had alighted from the automobile, pursued the two Black men who had entered a Pontiac automobile and sped from the scene until he met up with Patrolman James Long who was driving a police vehicle on Michigan Avenue at its intersection with Robert Street and whom he advised that the car proceeding in the opposite direction on Michigan Avenue after making a left turn off of Robert Street had "hit his boy." Patrolman Long, believing that the car which had made the left turn off of Robert Street without observing a stop sign there had been engaged in a hit and run accident, made a U-turn and took up the pursuit. Mr. Pratt then returned to the service station on South Broadway. Patrolman Long continued pursuing the Pontiac automobile and was joined in the chase by other police officers who had learned of the incident by radio. Patrolman Long pursued the fleeing vehicle for a distance of approximately five miles until it came to a stop at the corner of Seventh Avenue and Park Avenue when, while in the process of attempting a U-turn at that intersection, the Pontiac with the three Black men therein was collided with broadside by a police vehicle operated by Patrolman Michael Indelicato, causing the Pontiac with its occupants to come to a stop at the curb of the northeast corner of the intersection. Patrolman Niemeyer brought his vehicle to a stop at

the front of the Pontiac, and as he did so he observed an object thrown out of the right window of the Pontiac from the passenger side. Appellant was placed under arrest by Patrolman Long at the scene of the collision between the Pontiac and the police vehicle being operated by Patrolman Indelicato. Shortly thereafter the appellant, along with the driver and other passenger of the Pontiac, was conveyed to City Hospital No. 1 and some time later that evening was identified by Mr. Mertz at the Hospital as one of the two Black men who had held him up at the service station. Money totalling $63.00 was removed from the person of Johnny Wade, the man riding in the front passenger seat of the Pontiac, after his arrest, and Patrolman Niemeyer recovered the object he had observed thrown from the Pontiac—a sawed-off shotgun—at the scene of the collision after he had delivered Johnny Wade to a cruiser for conveyance to the police station.

Appellant's lone point on appeal is stated as follows:

"The court erred in giving the verdict directing Instruction Number Four for the reason that paragraphs second and third failed to call for a finding by the jury that defendant took the $63.00 in question by means of a deadly and dangerous weapon and to permanently deprive him thereof but gave the jury a roving commission to convict defendant concerning 'the property' mentioned in evidence which was vague, uncertain and misleading due to the fact that other property was mentioned in evidence."

Instruction Number Four as given and read to the jury (omitting parts not pertinent to our inquiry) is an MAI–CR 7.62 instruction reading as follows:

"If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about April 7, 1974 in the City of St. Louis, State of Missouri, Gil Mertz had possession of $63.00 lawful currency of the United States, property of Amerson Pratt, doing business as Carl Bolch Fina Station, and

Second, that at that time and place the defendant, by means of a deadly and dangerous weapon, took the property from Gil Mertz against his will by causing him to fear immediate injury to his person, and

Third, that the defendant took the property with the intent to permanently deprive Amerson Pratt doing business as Carl Bolch Fina Station, of the property and to convert it or any part of it to his own use,

then you will find the defendant guilty of robbery in the first degree by means of a deadly and dangerous weapon."

Respondent contends that the point raised in this Court is not the same point or points appellant raised in the Motion for New Trial filed in the trial court, is an attempt to raise for the first time in this Court, an alleged error in the verdict-director which was not presented to the trial court and therefore was not preserved for review here. We agree.

█ Appellant's Motion for New Trial raised in two separate paragraphs—Paragraphs 6 and 8 of the Motion for New Trial—what we construe to be in actuality only one point:

"6. By giving Instruction Number Four submitted by the State, MAI–CR 7.62, which failed to require a finding that the money was taken from the attendant Gil Mertz with the intention to deprive him permanently of the said money.

\* \* \* \* \* \*

8. By giving Instruction Number Four in that paragraph Third failed to call for a finding that the money was taken with the ident (sic) to permanently deprive Gil Mertz of said money."

It is clear that the points raised in appellant's Motion for New Trial were directed to the alleged failure of the instruction to require a specific finding with respect to taking the money from Gil Mertz with the

intention to permanently deprive Gil Mertz of said money. In his point in this Court we note that it is now alleged that the trial court erred in the giving of this instruction because it "failed to call for a finding that the defendant took the $63.00 in question by means of a deadly and dangerous weapon and to permanently deprive HIM thereof." (Emphasis supplied.) Nevertheless, from a reading of the Argument portion of appellant's brief in this Court we discern that the real issue he seeks to present on appeal is stated in his brief as follows: "whether 'the property' language employed by the State in paragraph Second and Third adequately refers to the $63.00 in money mentioned in paragraph First." That this is the real issue he wishes us to consider is borne out by the fact that the entire Argument is devoted to evidence which came in without objection that some cigarettes found in the car in which the three Black men, including this appellant, were ultimately apprehended might have come from the service station. By the use of the term "property" appellant argues that the jury could have been misled into construing that term to include the cigarettes and there was "no evidence that any were taken or even missing from the service station in question." If, in the beginning portion of his point in this Court he was making an effort to preserve the point set out in Paragraphs 6 and 8 of his Motion for New Trial, he has abandoned and waived the point, whatever merit it might have had, if any, by his failure to brief and argue it in this Court. Under these circumstances we are precluded by Rule 28.02 V.A.M.R. from considering any allegations of error not briefed on appeal despite the fact they may have been asserted initially in the Motion for New Trial. *State v. Kinder*, 496 S.W.2d 335, 339[3] (Mo.App.1973.)

Having excised from the point as stated the portion set out above for the reasons stated, we next consider respondent's attack on the remaining portion of the point as stated in the brief here and conclude that it constitutes an effort to

raise for the first time in this Court alleged error not preserved in appellant's Motion for New Trial and has not, therefore been preserved for review. It is fundamental that new matter may not be presented to the appellate court for the first time; the trial court must be afforded the first opportunity to correct its own errors, if any. We have examined appellant's Motion for New Trial and find no reference whatsoever to the point presented here with respect to the vague, uncertain and misleading nature of the term "property" as used in the Instruction. We hold therefore that appellant preserved nothing for us to review. *State v. Harms*, 507 S.W.2d 29, 31[1] (Mo.App.1974); *State v. Kinder*, supra, l. c. 339[4] (Mo.App. 1973).

Nevertheless, because we are here concerned with an appellant in a criminal case, and despite the infirmities in his brief and its failure to preserve anything for this court to review, we find no prejudicial error in the submission of the cause to the jury on the State's verdict-director, Instruction No. 4, which is patterned on MAI–CR 7.62. Robbery is an aggravated form of larceny because committed by means of personal violence or intimidation. *State v. Weinhardt*, 253 Mo. 629, 161 S.W. 1151, 1152[1] (1913). It is uncontradicted that the victim in this case was Mr. Mertz, i. e., the individual or person from whom the $63.00 was taken at gun point. Robbery, as an aggravated form of larceny, is an offense against possession and ownership of the property taken is not material to and does not affect the offense. *State v. Wright*, 476 S.W.2d 581, 583[1, 2] (Mo.1972). This is particularly apropos where the victim of the crime is an agent or employee of the owner of the property taken. *State v. Wright*, supra.

The only evidence in this case is such that a jury could find that Mr. Mertz was an employee of Mr. Pratt, the owner of the Carl Bolch Fina Service Station; that Mr. Mertz had possession of the $63.00 belonging to Mr. Pratt when the money was taken from him by the defendant, acting jointly

with another, by means of a dangerous and deadly weapon—a sawed-off shotgun—against his will and while he was caused to be in fear of immediate injury to his person, and with the intent to permanently deprive Mr. Pratt of his property and convert it to the "defendant's" own use. The possession of the $63.00 by Mr. Mertz was also the possession of Mr. Pratt, his employer. The reason for alleging, proving and submitting for a jury finding that the ownership of the property taken in an armed robbery is not in the defendant who had no right to possession is because one cannot be held for converting his own property, it puts the defendant on notice of the particular offense for which he is charged and bars a subsequent prosecution for the same offense. *State v. Batchelor*, 418 S.W.2d 929, 930 (Mo.1967).

The Information in this case alleged that the $63.00 taken from Mr. Mertz was the property of the "Carl Bolch Fina Station." The evidence was as stated supra, that the $63.00 was the property of Amerson Pratt, doing business as the Carl Bolch Fina Station, and it is in this form that the ownership of the money taken from Mr. Mertz was submitted to the jury in Instruction No. 4. Rule 26.04 provides that any variance between the allegation of the Information and the evidence offered in proof thereof, as to the ownership of property described therein, shall not be deemed grounds for acquittal, unless it be found by the trial court that such variance is material to the merits of the cause and prejudicial to the defendant. The trial court found the variance between the allegation in the Information and the proof at trial was not prejudicial to the appellant and we concur. Having so concluded, we hold that there is no merit in appellant's contention that the trial court erred when he instructed the jury in accord with the evidence and in doing so followed the pattern Instruction provided for that purpose, MAI–CR 7.62.

We also reach the same conclusion with respect to that portion of appellant's

point directed against the use of the word "property" in Paragraphs Second and Third of Instruction No. 4, wherein appellant contends the word "property" was vague, uncertain and misleading and gave the jury a roving commission to convict. The thrust of appellant's argument is that because there was evidence in the record that some cigarettes were taken from the service station during the course of the robbery, the term "property" as it appears in Paragraphs Second and Third of the Instruction leaves some doubt whether the term includes the $63.00 mentioned in Paragraph First of the Instruction or whether it might have been interpreted by the jury to include the cigarettes mentioned in evidence despite the fact: 1) Mr. Mertz had testified that he had no knowledge that any cigarettes had been taken from the service station during the course of the robbery and, 2) Mr. Pratt testified that while he believed the cigarettes found in the car at the time and place the appellant and his two accomplices were taken into custody were from his service station because of the manner in which the cartons had been opened, he nevertheless admitted that the cigarettes had no markings on them unique to the cigarettes in his service station.

The Information filed in this cause did not contain allegations with respect to any cigarettes having been taken in the robbery of Mr. Mertz. Evidence that some cigarettes were found in the car in which appellant and his cohorts were arrested did come in without objection. Appellant's counsel made no objection to the admission of this evidence, made no motion to strike it from the record and himself made inquiries about the cigarettes from state's witnesses. At the conclusion of the evidence no motion was made for a withdrawal instruction and we are not favored with the transcript of the argument to ascertain what, if any references were made to the finding of those cigarettes in the car in which appellant was a passenger and fled from the scene of the robbery.

We conclude therefore, that the Instruction here under attack did not give the jury a roving commission to convict and was not vague and uncertain or misleading as appellant argues; rather, it carefully limited the jury's consideration to the $63.00 which was in the possession of Mr. Mertz but belonged to Mr. Pratt as the "property" referred to in Paragraphs Second and Third of the Instruction. There is no merit to appellant's arguments directed to Instruction No. 4 and we so hold.

We have examined those portions of the record as required by Rule 28.02 and find them to be sufficient.

We affirm.

SIMEONE, P. J., and GUNN, J., concur.