**STATE of Missouri, Respondent,**

v.

**William SELTZER, Appellant.**

No. 43758.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 27, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Nov. 20, 1981.

Application to Transfer Denied
Jan. 18, 1982.

Kenneth R. Singer, Justin Meehan, St. Louis, for appellant.

George Peach, Circuit Atty., James Steitz, St. Louis, John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

A jury found defendant William Seltzer guilty of stealing two automobiles and assessed his punishment at consecutive three-year prison terms. The trial court fixed punishment of defendant as a persistent offender at two six-year consecutive sentences.

On appeal defendant challenges evidence of other car thefts and the state's failure to disclose that evidence before trial. He also contends the court erred by instructing the jury the court could not increase the punishment assessed by the jury. By a supplemental brief defendant contends the acts of two men stealing two cars at the same time was only one crime. We affirm.

At the core of this case was the St. Louis police department's undercover, back-alley operation called the Sting. Thereby, police officers in plain clothes posed as willing buyers of stolen goods. Unknown to its customers, concealed officers photographed and recorded their dealings with sellers of stolen goods. Defendant was such a customer.

The state's evidence: Two men held a parking lot attendant at gun-point while two other unidentified men drove off in two stolen cars. An hour later defendant "sold" the two cars for $700 to Richard Sisco, one of the undercover officers. The transaction was recorded visually and audibly. Before trial these films and tapes were shown to defense counsel. Then came the challenged evidence. Over defense objections the state showed films and tapes of a series of other stolen automobile sales by defendant.

Defendant's witness detective Robert Schaefer testified that for the past four years defendant had been his confidential informant; that about three weeks after the two cars were stolen and sold defendant had told him of other stolen property sales and was told to get further information. Defense counsel did not deny defendant had other contacts with the fencing operation, contending only that on those occasions defendant was acting as agent for police officer Schaefer. At that time Officer Schaefer knew nothing about the undercover Sting operation.

■ As said, defendant challenges the evidence he sold other stolen cars to the undercover police. He relies on *State v. Cheesebrew*, 575 S.W.2d 218[6] (Mo.App. 1967); it limited evidence of other crimes. The trial court ruled that because evidence defendant had stolen the two cars was circumstantial it was proper to show his other sales of stolen cars to prove he knew the two cars had been stolen.

There is an exception to the *Cheesebrew* rule when evidence of other crimes shows motive or other crimes that are so related to the charged theft that proof of one tends to establish the other. See *State v. Trice*, 575 S.W.2d 739[7] (Mo.App.1979), applying that principle to cases on "fencing" stolen goods.

■ We deny defendant's initial point and consider his related claim. By this defendant contends the trial court erred in denying a continuance to examine police tapes and recordings of defendant's other sales of stolen cars to the undercover police. He relies on Rule 25.03(A) V.A.M.R.; that reliance is misplaced. The rule requires disclosure only of names of intended witnesses and their written statements and memoranda. Here there were none.

■ Defendant now objects to the court's giving MAI–CR 2d 2.60. This, on the ground it tells the jury the term of impris-

onment it declares in its verdict may not be exceeded by the court's judgment. In *State v. Hunter*, 586 S.W.2d 345 (Mo.banc 1979) the court rejected this contention in a case where sentence in excess of the verdict was imposed under the second offender act, Section 558.016 RSMo.1979. So it is here.

■ By a supplemental brief defendant contends plain error by the court imposing two separate punishments for a single act. This, he argues, because the two separately owned cars were taken at the same time and place by different persons while both cars were under control of one person, the parking lot attendant.

Defendant relies on *State v. Cody*, 525 S.W.2d 333[1] (Mo.banc 1975). That case is not in point; it dealt with stealing at the same time two articles belonging to just one person. Similarly, *State v. Lawhorn*, 574 S.W.2d 455[2] (Mo.App.1978) is not in point. Unlike the case here it concerned two thefts, charged in a single count. In contrast, the state relies on *State v. Cabell*, 539 S.W.2d 584[3–5] (Mo.App.1976). There we upheld conviction on two robbery counts where the defendant held up a man and his wife and stole property from each.

Here, two men stole the automobiles of separate owners. By defendant's participating in each of those thefts he was guilty of each.

Judgment affirmed.

REINHARD, P. J., and CRIST and SNYDER, JJ., concur.