Elisha P. MURCHISON and Christian Methodist Episcopal Church, Inc.,
Defendants-Appellants.

No. 48551.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 11, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 5, 1985.

Application to Transfer Denied Sept. 10, 1985.

Jerome WHITE, Movant-Appellant,

v.

STATE of Missouri,
Plaintiff-Respondent.

No. 48627.

Missouri Court of Appeals,
Eastern District,
Division One.

June 11, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Aug. 5, 1985.

Application to Transfer Denied
Sept. 10, 1985.

Henry B. Robertson, Asst. Public Defender, St. Louis, for movant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Appellant appeals denial of his request for post-conviction relief pursuant to Rule 27.26. He raises two points on appeal: (1) that the constitutional protection against double jeopardy bars a conviction for both the robbery of Michael Rafert individually and the robbery of Dollar Rent-a-Car through the agent Michael Rafert; and (2) that his guilty pleas were not made knowingly, intelligently and voluntarily. Finding that his first point has merit we reverse only the conviction for the robbery of Michael Rafert individually.

On September 4, 1979 appellant pled guilty, waived a presentence investigation and was sentenced on a number of charges. In Circuit Court Case No. 78–1122–B he was charged with robbery first degree of Dollar Rent-a-Car and was sentenced to fifty years in the penitentiary. On Count II he was charged with robbery first degree of Michael Rafert and sentenced to a concurrent fifty year sentence. On Count III he was charged with armed criminal action and sentenced to a concurrent ten years. In Circuit Court Case No. 78–1123–B he was charged with robbery first degree of Zale's Jewelry Store and sentenced to a concurrent term of fifty years. For the crime of armed criminal action in connection with this robbery he was sentenced to a concurrent three year term. In Case No. 78–2053–F he was charged with robbery first degree of Wick's Furniture Store and received a concurrent fifty year sentence. At the time of this robbery multiple persons were present and defendant was also charged with robbery first degree of Elizabeth Reinhardt and was sentenced to a concurrent fifty year term. In Case No. 78–1780 movant was charged with

murder in the second degree and received a concurrent fifty year sentence. In Case No. 791–00608 he was charged with escape from confinement on a felony charge and received a concurrent five year sentence.

■ "When an accused pleads guilty to an offense he waives all claims of error except those affecting the voluntariness and understanding with which he makes his plea." *Shelley v. State*, 655 S.W.2d 126, 127 (Mo.App.1983). Defendant argues here that his guilty plea was coerced and resulted from a fear of the death penalty. A guilty plea is not involuntary solely because it is entered to avoid a possible death sentence. *Taylor v. State*, 539 S.W.2d 589, 590 (Mo.App.1976). When defendant entered his guilty pleas the court thoroughly questioned him to determine if he had been coerced into making the plea. When questioned by his attorney the defendant testified:

Q. You were told, were you not. I told you that the state would not seek the death penalty in this capital murder case, is that correct?

A. Yes sir.

Q. So that, in our discussions the question of avoiding the death penalty has never been a factor in your consideration of how to proceed in this case, is that correct?

A. Yes sir.

Q. So that, in other words, your decision—the decision which you made without my suggestion to enter a plea was not prompted by fear that the death penalty might be imposed upon the trial, is that right?

A. Right.

■ At the hearing on his 27.26 motion defendant testified that he had pled guilty because he feared the death penalty and that his statements indicating understanding and the voluntariness of the plea were lies coerced by his attorney. Defendant failed to show how his attorney coerced the guilty pleas. A trial court may reject the testimony of the movant in a 27.26 hearing even though no contrary evidence is offered. *Johnson v. State*, 615 S.W.2d

502, 505 (Mo.App.1981). As noted above a desire to avoid the death penalty does not make a plea involuntary. Point denied.

Defendant pled guilty to two counts of robbery in Circuit Court Case No. 78–1122–B based on the following facts. On June 15, 1978 defendant and another entered a Dollar Rent-a-Car business, threatened the employee Michael Rafert with a gun and told him to lie on the floor. They removed keys from his pocket and used those keys to open a desk and remove Rent-a-Car funds. They then took Rafert's billfold containing $20.00. Defendant was charged with two counts of robbery—Count I being robbery of the business and Count II robbery of the employee.

■ Defendant argues that there was only one robbery since there was only one victim. He maintains that separating the acts into two different charges subjected him to multiple punishments for a single offense and constituted double jeopardy. We note first that a claim of double jeopardy cannot be waived by a plea of guilty, an agreement or a stipulation and hence can be raised for the first time on appeal. *State v. Cody*, 525 S.W.2d 333, 335 (Mo. banc 1975).

■ Section 560.120 RSMo 1969 (now repealed but in effect when defendant was charged) defines robbery as the felonious taking of property from another or his agent by putting that person in fear of immediate injury to his person. *See State v. Moton*, 476 S.W.2d 785, 788 (Mo.1972). Here only one person was placed in fear—Michael Rafert. The fact that the items taken belonged to him personally and to the corporation he worked for did not make the robbery two offenses. As was noted in *State v. McMillan*, 593 S.W.2d 629, 636 (Mo.App.1980) "ownership by a specific person of the property taken is not material to and does not affect the offense of robbery, so long as it is shown that it was not the property of the accused, *State v. Manns*, 533 S.W.2d 645, 648 (Mo.App. 1976)." Robbery is an offense against the right to possession. *State v. Beatty*, 617

S.W.2d 87, 91 (Mo.App.1981). Here Rafert had possession of the company funds and his billfold. At the time of the robbery no one else had possession of the company funds. *See State v. Manns,* 533 S.W.2d at 648. As only one person was placed in fear there was only one robbery. *See State v. Cabell,* 539 S.W.2d 584, 587 (Mo.App. 1976).[1]

Appellant should not have been convicted of two crimes, when in fact only one occurred. We reverse only the conviction for the robbery of Michael Rafert individually. (Count II of Circuit Court Case No. 78–1122–B). The sentence of fifty years in the penitentiary for this charge is vacated. The concurrent fifty year sentences imposed on his other guilty pleas and sentences on armed criminal action and escape charges are not affected by this decision. Denial of relief on these sentences is affirmed.

The denial of 27.26 relief on the charge of robbery first degree, Count II in Circuit Court Case No. 78–1122–B is reversed. Denial of relief on all other charges and sentences is affirmed.

PUDLOWSKI, P.J., and GAERTNER, J., concur.

---

1. In *State v. Seltzer,* 629 S.W.2d 460, 462 (Mo. App.1981) a parking lot attendant was held at gunpoint and two cars were stolen. The court there held that there was no double jeopardy because the cars had separate owners. However, in *Seltzer* the defendant was charged and convicted of stealing, not robbery. Missouri follows the "single larceny rule" which mandates that the theft of property of more than one person as a continuous act or transaction constitutes one larceny. *State v. Lawhorn,* 574 S.W.2d 455, 458 (Mo.App.1978). This rule does not apply to robbery. A defendant can be convicted of multiple counts of robbery when several *persons* are robbed at the same time. *State v. Mills,* 671 S.W.2d 437, 439 (Mo.App.1984). In the case at bar only one person was robbed.