**STATE of Missouri, Respondent,**

v.

**Morris Leon BROWN, Appellant.**

No. 52979.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 22, 1987.

Thomas Richard Motley, Hannibal, for appellant.

William L. Webster, Atty. Gen., Jared Cone, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant, Morris Leon Brown, was charged, tried and found guilty by a jury of burglary second degree, Section 569.170 RSMo 1986, and stealing, Section 570.030 RSMo 1986. Brown received sentences of eighteen months on each count, the terms to run concurrently. Defendant appeals claiming trial court error in submitting a verdict director which submitted a finding that defendant took twelve dollars from Bernard Brown, Jr. The undisputed facts are that Brown possessed the money which belonged to a church.

We first note the sole issue is directed only to the stealing charge. Accordingly, the burglary conviction is affirmed.

Defendant's contention fails for three reasons. First, according to the statute under which defendant was charged, Section 570.030 RSMo 1986, title or formal ownership is not a necessary element. "A person commits the crime of stealing if he appropriates property ... of another ... without his consent or by means of deceit or coercion." Section 570.030.1 RSMo 1986. The statute defines property of another to include one having *either* a possessory or proprietary interest. Section 570.010(9) RSMo 1986.

Second, in Missouri the case law is clear that either ownership *or* lawful *possession* of property taken is an essential element of

the charge of stealing. *State v. Barber*, 587 S.W.2d 325, 329 (Mo.App.1979); *see also, State v. S.E.*, 675 S.W.2d 86, 87 (Mo. App.1984). It is not of legal consequence that title to the twelve dollars actually rested in another. The fact that defendant took the money from the lawful possession of Mr. Brown is all that is necessary to meet the requirements of a charge of stealing.

Third, the instruction under attack actually required the jury to find that "the defendant took a Smith and Wesson 13–2 .357 Magnum Revolver, serial # 5D33571, and twelve dollars ($12.00) in cash, property owned by Bernard Brown, Jr., ..." There is no dispute in the present case that the revolver was the legal property of Bernard Brown, Jr. The verdict was based on a finding that defendant stole Brown's weapon which was sufficient. The additional finding was surplus. Accordingly, defendant was not prejudiced by the instruction based on the technical claim of error relating to title to the cash.

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.