STATE of Missouri,
Plaintiff–Respondent,

v.

Edward A. HOLMES,
Defendant–Appellant.

No. 57810, 57882.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 19, 1991.

Melinda K. Pendergraph, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

A jury convicted defendant, Edward Holmes, of stealing by deceit. Section 570.030 RSMo 1986. The court sentenced defendant as a prior and persistent offender to a five year prison term. Defendant's sole point on appeal claims the court erred in overruling his motion for judgment of acquittal because there is insufficient evidence to support the conviction. We affirm.

The facts leading up to defendant's arrest and conviction arose out of his employment at Warren County Auto Parts, a salvage yard. On May 28, 1988, Mr. Ritch, the salvage yard owner, sent defendant to deliver some auto parts to a customer, Mr. Needy. Ritch instructed defendant to deliver auto parts in exchange for $25 cash and a check for $168.25 made payable to "Warren County Used." Defendant followed these instructions.

Defendant went to a local convenience store to purchase gas for the delivery truck. Mr. Ritch told defendant to use the $25 cash to pay for the gas. Defendant did not have authority to cash the check. However, he endorsed the check, paid for the gas from the proceeds and kept the rest of the money. He identified himself to the cashier by displaying an AT & T charge card which noted the phone number of Warren County Auto Parts, the payee on the check.

When defendant did not return to the salvage yard, Ritch asked Mr. Needy to stop payment on the check. Mr. Needy did so and later replaced the check with a new one.

Defendant was charged by information with stealing by deceit. The information in its pertinent part reads as follows:

On or about the 28th day of May, 1988, ... Defendant, either alone or with another or others, appropriated monies of a value of at least One hundred fifty dol-

lars ($150.00), which said property was owned by Warren County Auto Parts, and Defendant appropriated such property from Warren County Auto Parts and with the purpose to deprive it thereof by deceit by cashing a check numbered 1162 in the amount of $168.25 when he did not have authority to do so.

It is a conviction upon this charge from which defendant now appeals.

■ The point relied upon in defendant's brief states:

> THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL BECAUSE THE STATE FAILED TO ESTABLISH SUFFICIENT EVIDENCE TO PROVE EVERY ELEMENT BEYOND A REASONABLE DOUBT AS REQUIRED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE MISSOURI CONSTITUTION IN THAT THE STATE FAILED TO PROVE THAT APPELLANT OBTAINED PROPERTY OWNED BY WARREN COUNTY AUTO PARTS AS CHARGED AND THE UNCONTROVERTED EVIDENCE ESTABLISHED THAT WARREN COUNTY AUTO PARTS DID, IN FACT, RECEIVE FULL PAYMENT BY JAMES NEEDY AND WAS NOT DEPRIVED OF ANY PROPERTY.

This assertion is not responsive to the charge or the proof. Defendant argues the state failed to prove the charge for failure to prove Warren County Auto Parts was deprived of any property. He reasons subsequent payment by Needy forecloses such proof. However, the information charges defendant with depriving Warren County Auto Parts *of monies by cashing a check* in the amount of $168.25 when he did not have authority to do so. The crime was committed by cashing the check and taking the proceeds. Accordingly, it is irrelevant that after the taking Needy stopped payment on his check and replaced it with another.

■ The statute under which defendant is charged defines property of another as anything of value in which one has either a possessory or proprietary interest. Section 570.010(9), (10) RSMo 1986. *State v. Brown,* 737 S.W.2d 496 (Mo.App.1987). Property is considered appropriated when an agent entrusted with possession of such property subsequently appropriates or converts the property to his own use with the intent to permanently deprive the owner thereof. *State v. Hardin,* 627 S.W.2d 908, 911 (Mo.App.1982). Thus, the proper focus in this case is the money defendant received when he cashed the check. The proceeds belonged to the payee, defendant's employer, not to defendant. It is unnecessary to determine who owned the check, who controlled the funds or the import of the "stop payment" placed on the check by Mr. Needy.

In reviewing a jury tried case we view all the evidence tending to support the verdict as true, disregard all contrary evidence and indulge every inference which supports the verdict. *State v. Sutton,* 699 S.W.2d 783, 784 (Mo.App.1985).

The evidence was sufficient to support the conviction for the crime charged. The state presented testimony that defendant picked up a check made out to his employer from Mr. Needy. The money defendant received from cashing the check belonged to Warren County Auto Parts. Defendant appropriated the money for his own use. Defendant fits the description given of the man who negotiated the check. The clerk who cashed the check did not directly identify defendant. However, the person who presented the check showed the clerk a telephone credit card, which the employer supplied to defendant, as identification. This evidence supported the verdict. Accordingly, the court did not err in overruling defendant's motion for judgment of acquittal.

Affirmed.

PUDLOWSKI, P.J., and GRIMM, J., concur.