Jimmie EASON, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 78622.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 26, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 9, 2001.

Mark A. Grothoff, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza Follett, Asst. Atty. Gen., Jefferson City, for Respondent.

SIMON, Judge.

Jimmie Eason, movant, appeals the motion court's judgment denying his Rule 29.15 motion without an evidentiary hearing. On appeal, movant alleges the trial court erred in denying his Rule 29.15 motion because he was denied effective assistance of counsel in that his trial counsel failed to: 1) move for dismissal of one of the second degree robbery charges on the grounds of double jeopardy, and his appellate counsel failed to assert the issue of double jeopardy on direct appeal; 2) object to hearsay testimony by State witness Scott Barnett; and 3) object to irrelevant evidence that his employer had purchased the allegedly stolen General Electric video

cassette recorder (GE VCR) from a pawn shop. We affirm.

Pursuant to Rule 29.15(k), we are limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. The motion court's decision is clearly erroneous only if after a review of the entire record, we are left with a firm impression that a mistake has been made. *State v. Nolan*, 872 S.W.2d 99, 104 (Mo.banc 1994).

To prevail on a claim of ineffective assistance of counsel, movant must prove by a preponderance of the evidence that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise in similar circumstances, and that he was prejudiced as a result. *State v. Link*, 25 S.W.3d 136, 149 (Mo.banc 2000). To prove that he was prejudiced, movant must show a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.*

In order to be entitled to an evidentiary hearing, a movant must: 1) cite facts, not conclusions, which if true, would entitle movant to relief; 2) the factual allegations must not be refuted by the record; and 3) the matters complained of must prejudice the movant. *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo.banc 1992). An evidentiary hearing is not required if the motion court determines that the motion and the files and records of the case conclusively show that the movant is entitled to no relief. *Id.*

The record reflects the following: Movant was employed by Tri–County Group 15, which is a home health agency dedicated to preparing meals, cleaning, and running errands for senior citizens and disabled individuals. On January 23, 1998, between 8:30 a.m. and 9:00 a.m., movant arrived at the apartment of Barbara Barnett to clean her apartment and cook her

meals. Upon completion of his typical two hour shift, Barnett asked movant to retrieve a grocery cart from the downstairs community room because she wanted to do some laundry. Once movant returned with the cart, Barnett "signed him out," and he left the premises.

Approximately seven to ten minutes later, movant returned and met Barnett at the fifth floor laundry room asking if she needed help with her laundry. After she declined, movant took Barnett's keys from on top of a washing machine and told her that he would get the mail for her from the downstairs lobby. Fifteen to twenty minutes later, movant returned and told Barnett that there was no mail and left. When Barnett returned to her apartment a short time later, she realized the door was unlocked. She also noticed that her GE VCR was missing.

Barnett contacted the Cape Girardeau Police Department. Upon Officer Dale Newman's arrival at her apartment, Barnett reported to him that her VCR was missing and that "she didn't think that [movant] could do anything like that and she was really fond of [movant] at the time." Later that evening, Barnett identified movant through a photo lineup as the individual who took her VCR.

At approximately 7:30 p.m. that same day, movant arrived at the apartment of Dorothy and Eula Poston. Eula is the disabled mother of Dorothy and was lying in bed. Dorothy answered the door and allowed movant into the apartment. Movant wanted to "talk about making up time that he had missed." When Dorothy and movant were unable to settle on a makeup day, movant asked Dorothy for a glass of water. As he followed her into the kitchen he stated, "I have a weapon. I'm going to rob you." He pulled the ring off her finger and instructed her to go into the bedroom and pull the ring off of her mother's

hand. Dorothy did not tell her mother what was going on at the time because she thought that she "would have really got scared." Dorothy handed the ring to movant, and he left after pulling a phone out of the wall.

At trial, Scott Barnett, Barbara Barnett's son, testified that he gave the GE VCR to his mother. He further stated that his father informed him that it was stolen and that "someone found it at a pawn shop and [Barnett] had gotten it back." Defense counsel did not object to this testimony.

David Creech, an employee of the pawn shop, testified that movant came into the store on January 23, 1998, and he gave movant twenty dollars for the GE VCR. Creech read from the GE VCR pawn ticket dated January 23, 1998, which included a copy of movant's driver's license on the back, the serial number of the VCR, the amount that was paid and movant's signature. He also stated that Tri–County Group 15 redeemed the VCR with a check, which was also documented on the pawn ticket. Defense counsel did not object to this testimony.

The jury found movant guilty of two counts of second degree robbery, one count of second degree burglary, one count of felony stealing and one count of misdemeanor stealing. Appellant was sentenced to concurrent terms of seventeen years, seventeen years, ten years and five years in the Department of Corrections and six months in the Cape Girardeau County Jail.

In an order opinion, we affirmed movant's sentences in *State v. Eason*, 13 S.W.3d 677 (Mo.App. E.D.2000). Subsequently, movant filed a *pro se* Rule 29.15 motion to vacate, set aside or correct his judgment or sentence. Movant amended his motion and requested an evidentiary hearing.

In its findings of fact and conclusions of law, the motion court found that the record refuted each of movant's claims, and therefore, his request for an evidentiary hearing was denied. The motion court also found that a review of the trial transcript revealed that the alleged hearsay testimony was not essential to the State's case and that it was mostly repetitive of information already derived from other witnesses. Accordingly, the court concluded that movant failed to make the required showing of ineffectiveness.

█ In his first point on appeal, movant contends that because his trial counsel did not move for dismissal of one of the second degree robbery charges on the grounds of double jeopardy, movant was punished twice for one crime. Further, movant argues that, had his appellate attorney asserted the double jeopardy issue on direct appeal, a reasonable probability existed that the appellate court would have reversed at least one of the convictions.

Movant relies on *White v. State*, 694 S.W.2d 825 (Mo.App. E.D.1985), to support his contention that only one robbery was committed against Dorothy and Eula. In *White*, the defendant entered a business, threatened the employee with a gun and removed the company's funds as well as the employee's billfold. *Id.* at 827. He was charged and pled guilty to one count of first degree robbery against the company and one count of first degree robbery against the employee, in violation of Section 560.120 RSMo 1969. *Id.* According to Section 560.120 RSMo 1969, which was subsequently repealed, robbery is defined as the felonious taking of property from another or his agent by putting *that* person in fear of immediate injury to his person. *Id.* (emphasis added). We reversed the conviction for the robbery against the employee individually, finding that because only one person was placed in

fear there was only one robbery. *Id.* at 828.

Here, movant was charged with, and found guilty of, two counts of second degree robbery in violation of Section 569.030 RSMo 2000 (all further references herein shall be to RSMo 2000 unless otherwise indicated). Section 569.030 provides that a person commits the crime of robbery in the second degree when he forcibly steals property. In accordance with Section 569.010(1), a person "forcibly steals," and thereby commits robbery, when, in the course of stealing, as defined in Section 570.030, he uses or threatens the immediate use of physical force upon another person for the purpose of: a) preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or b) compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft. Section 570.030 provides that a person commits the crime of stealing if he or she appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion.

In *White*, Section 560.120 RSMo 1969 specifies that robbery involves the taking of property from another or his agent by putting "that" person in fear of immediate injury to his person. *Id.* at 827. Because there was one person placed in fear, we found that there was only one robbery. *Id.*

Here, Section 569.010, which incorporates the definition of stealing as found in Section 570.030, provides that a person commits robbery, when, in the course of stealing, he uses or threatens physical force upon another for the purpose of preventing or overcoming resistance to the taking of the property or to compel the

owner or another person to deliver up the property which aids in the commission of the theft. Thus, under the statutory provisions, i.e., Sections 569.030, 569.010(1) and 570.030, movant can properly be charged and found guilty of committing two robberies even though the threat of force was directed toward Dorothy, who, under the threat of that force surrendered her ring and removed the ring from her mother. Therefore, the movant was properly charged and found guilty of two counts of second degree robbery.

█ In his second point on appeal, movant contends that the motion court clearly erred in denying his Rule 29.15 motion without granting an evidentiary hearing because he was denied effective assistance of counsel when his trial counsel failed to object to hearsay testimony by Scott Barnett. Scott testified that his father told him that his mother's GE VCR was stolen, that someone found it in a pawn shop and that she got it back. Movant argues that, had his trial counsel objected, the court would have properly sustained the objection, stricken the testimony and admonished the jury to disregard the hearsay testimony.

However, before her son testified, Barbara Barnett testified that her VCR was missing and that she recovered it from the pawn shop. Further, Creech confirmed that movant pawned the VCR. Since the alleged hearsay testimony was repetitious of the testimony of Barnett and Creech, the motion court did not err.

█ Movant's third point on appeal is that he was denied effective assistance of counsel because his trial counsel failed to object to irrelevant evidence from Creech that Tri–County had purchased the allegedly stolen VCR from a pawn shop. Again, movant argues that had trial counsel made the objection, the court would have sustained the objection, stricken the

testimony and admonished the jury to disregard the testimony.

Even if Creech's testimony is irrelevant, movant has not established prejudice. Although movant contends that Creech's testimony constituted a logically and legally irrelevant opinion of movant's guilt by his employer, Creech testified that movant pawned the GE VCR for twenty dollars, and Creech produced a pawn ticket which included a copy of movant's driver's license, the serial number of the VCR, the amount that was paid to movant and the movant's signature. Therefore, the failure of movant's counsel to object to the evidence as to his employer did not prejudice him. Point denied.

Judgment affirmed.

LAWRENCE E. MOONEY, P.J. and SHERRI B. SULLIVAN, J., concur.