STATE of Missouri, Respondent,

v.

Christopher X. BOHLEN, Appellant.

No. ED 46436–01.

Missouri Court of Appeals,
Eastern District,
Division One.

March 24, 2009.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 28, 2009.

Application for Transfer Denied
June 30, 2009.

Ellen H. Flottman, Assistant Public Defender, Columbia, MO, for appellant.

Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Christopher Bohlen ("Defendant") filed a motion to recall the mandate issued in this case asserting that his appellate counsel was ineffective because he failed to raise on appeal that one count of Defendant's three count conviction for first degree robbery violated the Double Jeopardy Clause of the United States Constitution. We granted the motion to permit Defendant to address the merits of his claim. *See State v. Zweifel,* 615 S.W.2d 470, 473 (Mo.App.1981).[1] We vacate Defendant's judgment and sentence as to Count I.

### Factual and Procedural Background

On April 17, 1981, Defendant and two other men entered a jewelry store in St. Louis County and at gunpoint ordered the store manager, a store employee, and two customers to enter the backroom and lie on the floor. One of the men asked the location of the store's safe, and the store manager pointed at the safe across the room. As the store manager lifted his arm to point, he revealed his wristwatch, prompting one of the men to demand that

---

1. Because Defendant was sentenced prior to January 1, 1996, a motion to recall the mandate is the appropriate vehicle by which to raise his ineffective assistance of appellate counsel claim. *State v. Griddine,* 75 S.W.3d 741, 743 (Mo.App. W.D.2002). For individuals sentenced after January 1, 1996, claims of ineffective assistance of appellate counsel must be raised by motion under Rule 29.15 or Rule 24.035. *State v. Whitfield,* 107 S.W.3d 253, 265 n. 10 (Mo. banc 2003) (superseded on other grounds by *State v. McLaughlin,* 265 S.W.3d 257, 262 (Mo. banc 2008)).

the store manager and the employee hand over their watches. The first man then yelled, "Which drawer?", and the store manager responded "The one with the key in it." The men removed merchandise from the safe and from display boxes on the sales floor.

The State charged Defendant with three counts of robbery in the first degree: Count I, forcibly stealing currency and jewelry owned by the jewelry store; Count II, forcibly stealing a wristwatch owned by the store manager; and Count III, forcibly stealing a wristwatch owned by the store employee.[2] A jury convicted Defendant on all three counts, and the trial court sentenced him to three consecutive terms of fifteen years' imprisonment. We affirmed

Defendant's convictions.[3] *State v. Bohlen*, 670 S.W.2d 119 (Mo.App. E.D.1984).

Defendant filed a motion to recall the mandate, claiming that his appellate counsel was ineffective in failing to argue on appeal that Defendant's conviction for three counts of first degree robbery involving only two victims violated his right to be free from double jeopardy. Thereafter, this court granted Defendant's motion to recall the mandate and granted a rehearing. We consider the merits of the claim of error Defendant asserted in his motion to recall the mandate and, if meritorious, determine whether the failure to raise the error constituted ineffective assistance of counsel. *See Zweifel*, 615 S.W.2d at 473.

---

**2.** With respect to Counts I and II, the trial court instructed the jury as follows:

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:
First, that on or about April 17, 1981, in the City of Overland, St. Louis County, Missouri, certain persons with the aid or attempted aid of defendant committed the offense of robbery in the first degree of the Blust's [sic] Jewelery [sic] Store in the Town and County Mall, and in that they stole assorted jewelry owned by Blust Jewelers, and
Second, that the defendant or certain persons with the aid or attempted aid of the defendant threatened the immediate use of physical force on or against [the store manager] in order to obtain jewelery [sic] owned by the Blust's [sic] Jewelry Store for the purpose of preventing resistance to the taking of the property, and
Third, that in the course of stealing the property the defendant or certain persons with the aid or attempted aid of defendant displayed or threatened the use of what appeared to be a deadly weapon or a dangerous instrument,
then you are instructed that the offense of robbery in the first degree has occurred. . . .
As to Count II, if you find and believe from the evidence beyond a reasonable doubt:
First, that on or about April 17, 1981, in the City of Overland, St. Louis County, Missouri, certain persons with the aid or

attempted aid of defendant committed the offense of robbery in the first degree of the Blust's [sic] Jewelery [sic] Store in the Town and County Mall, and in that they stole assorted jewelery [sic] owned by Blust Jewelers, and
Second, that the defendant or certain persons with the aid or attempted aid of the defendant threatened the immediate use of physical force on or against [the store manager] in order to obtain a watch owned by [the store manager] for the purpose of preventing resistance to the taking of the property, and
Third, that in the course of stealing the property the defendant or certain persons with the aid or attempted aid of defendant displayed or threatened the use of what appeared to be a deadly weapon or a dangerous instrument,
then you are instructed that the offense of robbery in the first degree has occurred. . . .

**3.** This Court affirmed Defendant's convictions, but reversed and remanded the sentence for a hearing on Defendant's prior and persistent offender status. After remand, the Court affirmed Defendant's sentence and the denial of his motion for post-conviction relief. *State v. Bohlen*, 698 S.W.2d 577 (Mo.App. E.D.1985); *Bohlen v. State*, 743 S.W.2d 425 (Mo.App. E.D.1987).

### Standard of Review

■ To prevail on a claim of ineffective assistance of appellate counsel, Defendant must show that: (1) appellate counsel failed to raise a claim of error that was so obvious that a competent and effective lawyer would have recognized and asserted it; and (2) the claimed error was sufficiently serious to create a reasonable probability that, if it were raised, the outcome of the appeal would have been different. *Tisius v. State*, 183 S.W.3d 207, 215 (Mo. banc 2006).

### Discussion

■ Defendant claims that his conviction on Count I (force against store manager to obtain jewelry owned by store), in addition to his conviction on Count II (force against store manager to obtain watch owned by manager) and Count III (force against employee to obtain watch owned by employee), violated his right to be free of double jeopardy. Specifically, Defendant contends that the constitutional protection against double jeopardy precludes conviction for multiple counts of robbery where both an employer's property and the employee's personal property were taken from the same employee. We agree that separating the robbery of the store manager into two separate counts subjected Defendant to multiple punishments for a single offense and constituted double jeopardy.

■ The State contends that Movant waived his double jeopardy claim by failing to raise it at trial. In general, a defendant must raise a constitutional challenge at the earliest opportunity and failure to do so preserves nothing for appellate review. *State v. Elliott*, 987 S.W.2d 418 (Mo.App. W.D.1999). However, the right to be free from double jeopardy is a constitutional right "which goes to the very power of the State to bring the defendant in the court

to answer the charge brought against him." *Hagan v. State*, 836 S.W.2d 459, 461 (Mo. banc 1992); *State v. Gridiron*, 180 S.W.3d 1, 4 n. 2 (Mo.App. E.D.2005) ("A trial court is without the power o[r] jurisdiction to try or punish a defendant twice for the same offense."). If, as here, the trial court was without power or jurisdiction to proceed against a defendant twice for the same offense, we may grant relief even though Movant's double jeopardy claim was not properly preserved. *See, e.g., Gridiron*, 180 S.W.3d at 4 n. 2.

■ The double jeopardy clause of the Fifth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment, prohibits multiple punishments for the same offense and similarly "forbids the state from splitting a single crime into separate parts and then prosecuting the offense in piecemeal." U.S. Const. amend. V; *State v. Nichols*, 865 S.W.2d 435, 437 (Mo.App. E.D.1993). "This means that a prosecution for a single part of a crime bars any further prosecution based upon the whole or another part of that crime." *State ex rel. Westfall v. Campbell*, 637 S.W.2d 94, 97 (Mo.App. E.D.1982), citing *State v. Toombs*, 326 Mo. 981, 34 S.W.2d 61, 64 (1930). The constitutional prohibition against multiple punishments for the same offense is "designed to ensure that the sentencing discretion of the court is confined to the limits established by the legislature." *Hagan*, 836 S.W.2d at 462 (citation omitted).

The State charged Defendant with violating Section 569.020.1, which provides in pertinent part, "[a] person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime, ... is armed with a deadly weapon." Mo.Rev.Stat. § 569.020.1(2)

(2000). The statute defines "forcibly steals" as follows:

> A person 'forcibly steals,' and thereby commits robbery, when, in the course of stealing, as defined in section 570.030, RSMo, he uses or threatens the immediate use of physical force upon another person for the purpose of:
>
> > (a) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or
> >
> > (b) Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft.

Mo.Rev.Stat. § 569.010(1).[4] Thus, pursuant to the plain language, the State must prove: (1) use or threatened immediate use of physical force upon another person (2) for the purpose of compelling another person to deliver up property. Mo.Rev. Stat. § 569.020.1(2).

■ The distinctive characteristic of robbery is "violence to the victim." *Gridiron*, 180 S.W.3d at 5 (citing *State v. Hayes*, 518 S.W.2d 40, 45 (Mo.1975)). As the Supreme Court stated in *State v. Wright*, "[t]he essence of the offense of robbery is the taking of property of another from the person by violence or by fear; the ownership of the property is not material to and does not affect the offense." 476 S.W.2d 581, 584 (Mo.1972).[5]

At the time of Defendant's appeal, Missouri courts uniformly defined robbery as an offense against possession and regarded ownership of the property as immaterial to proof of the offense. *Wright*, 476 S.W.2d at 584; *State v. McMillan*, 593 S.W.2d 629, 634 (Mo.App. S.D.1980) ("[O]wnership by a specific person of the property taken is not material to and does not affect the offense of robbery, as long as it is shown that it was not the property of the accused."); *State v. Manns*, 533 S.W.2d 645, 648 (Mo. App.1976). Thus, it was well-established that a defendant who forcibly took from a single victim the victim's property as well as property owned by another in the victim's possession committed only one act of robbery.

■ Applying these established concepts to the robbery of employees in a business establishment where property is taken from the custody of two employees of one employer and the property taken is owned by the employer, Missouri courts recognize two separate counts of robbery. *See, e.g., State v. Johnson*, 499 S.W.2d 371, 375 (Mo.1973); *State v. Moton*, 476 S.W.2d 785, 788 (Mo.1972). As the Western District held in *State v. Whitmore*, "only one robbery occurs if a defendant robs a business employee and takes the employee's property as well as the business' money." 948 S.W.2d 643, 650 (Mo.App. W.D.1997). Thus, the fact that items taken from a victim by violence or threat of violence

---

4. The 1978 versions of Sections 569.010 and 569.020, in effect at the time of Defendant's convictions, are identical to the statutes currently in effect. For convenience, we will cite to the 2000 versions of these statutes.

5. The State cites *State v. Brown* for the proposition that "ownership can be relevant." 737 S.W.2d 496, 497 (Mo.App. E.D.1987). In fact, in *Brown* we rejected Defendant's contention that accurately describing who owned stolen property affected a conviction for stealing, noting, "[i]t is not of legal consequence

that title to the twelve dollars rested in another. The fact that defendant took the money from the lawful possession of [the victim] is all that is necessary to meet the requirements of the stealing charge." *Id.*; *see also State v. Jones*, 571 S.W.2d 741, 746 (Mo.App.1978) ("An allegation as to just who owned the property (so long as it was not owned by the defendant himself) is immaterial, because the allegation of ownership is not an essential element of robbery.").

"belonged to him personally and to the corporation he worked for [does] not make the robbery two offenses." *White v. State,* 694 S.W.2d 825, 827 (Mo.App. E.D.1985) (holding that only one robbery occurs when a defendant robs an employee of the employee's property as well as the employer's property).

In support of its contention that the State properly charged Defendant with two counts of robbery directed at the same victim, the State relies on *State v. Sumpter,* 655 S.W.2d 726 (Mo.App. E.D.1983). In *Sumpter,* the defendant broke into an apartment and forced a man at gunpoint to give up keys to the office of a doctor across the hall. *Id.* at 728. The defendant then broke into the doctor's office while holding the neighbors at gunpoint and then, with an accomplice, removed drugs from the doctor's office. *Id.* The State charged the defendant with attempted robbery and burglary. *Id.* at 731. On appeal, the defendant argued that attempted robbery and burglary are the "same offense" thus violating his right against double jeopardy. *Id.* As the court explained in rejecting the defendant's argument, "the principal thrust of the robbery charge was the display of the deadly weapon and its threatened use. . . . [T]he essence of the burglary charge was the unlawful entry armed with a deadly weapon for the purpose of stealing." *Id.* Quite obviously, unlike here, the defendant in *Sumpter* was not charged with two robbery counts involving one victim.

The court in *Sumpter* also rejected an argument, not made by Defendant here, that in the absence of a showing of force

against the owner of the property, a jury is precluded from finding an attempted robbery. *Id.* at 731–32. As the court emphasized, "the essence of the crime here was the use and threat of force against [the victim] as an expedient in stealing the drugs. That the drugs were not owned by [the victim] is irrelevant; the operative fact is that force was used to prevent resistance to the taking." *Id.* at 732. Thus, contrary to the State's contention, *Sumpter* stands for the proposition Defendant advances, i.e., the ownership of the property is not relevant to a charge of robbery.

The State also relies on *Eason v. State,* in which this court upheld the defendant's conviction of two counts of second degree robbery. 52 S.W.3d 24, 28 (Mo.App. E.D. 2001). In *Eason,* the defendant used threats of violence to force a woman to hand over her ring and also forcibly remove a ring from the finger of her disabled mother who was in another room. *Id.* at 26. We held in *State v. Gridiron* that *Eason* cannot be used to support a charge of two counts of first degree robbery based on the threat of use of force against one employee who is forced to give up employer property both in his possession and in the possession of an absent employee.[6] *Gridiron,* 180 S.W.3d at 6. Likewise, here we do not believe *Eason* supports a charge of two counts of first degree robbery based on threat of force against one employee forced to give up property on his wrist and property in the store's safe and jewelry cases.

Finally, in arguing for upholding Defendant's convictions for robbing the store

---

**6.** It should be noted as well that in *Gridiron* we particularly declined to rely on *Eason* because the second victim in *Eason* was effectively threatened by the defendant who was acting through the first victim to forcibly remove the property from the second victim's hand. *Gridiron,* 180 S.W.3d at 6; *see also*

*State v. Beatty,* 617 S.W.2d 87, 90 (Mo.App. E.D.1981) (for the purpose of robbery, a taking occurs where the victim removes another's property while acting "subject to the [defendant's] will and direction and not her own.").

manager of the store's jewelry and the store manager's watch in two separate counts, the State relies heavily on our Supreme Court's rejection of the "same transaction" rule in *State v. Moton,* 476 S.W.2d at 790. The "same transaction" rule provides that, when the acts of robbing two or more individuals occur practically simultaneously and "are motivated by a single intent rather than a separate motive or intent as to each victim," only one punishable criminal offense is committed. *Id.* at 788. The "same transaction" rule is not at issue here. Defendant does not challenge his convictions for robbery of the store's property and robbery of the store manager's watch on the grounds that both robberies were part of a single transaction. Rather, Defendant claims that his convictions on Counts I and II violate principles of double jeopardy because both Counts I and II are based on the act of forcibly stealing property in the possession of one person, namely, the store manager, by the immediate use of physical force.

Moreover, a close reading of *Moton* establishes that it wholly supports Defendant's position. In rejecting the double jeopardy claim raised by the *Moton* defendant, the Court described circumstances that constitute a double jeopardy violation, as follows:

> If the issue here arose out of an attempt to prosecute defendant by separate charges of robbery of the same person at the same time, and the indictments differed in that one alleged part of the property taken was money, and the other alleged part of the property taken to be the victim's watch, then the Toombs and Brockman cases cited by defendant and the Lorton case would be apropos as the issue would involve the application of the double jeopardy rule where the state splits one offense—cause of action—into several parts and prosecutes the defendant separately on each.

*Moton,* 476 S.W.2d at 790. Here, the taking of the merchandise and the watch from the store manager were split into two counts exactly as prohibited in *State v. Moton.*

The law existing at the time of Defendant's appeal clearly established that principles of double jeopardy prohibited splitting a robbery charge into two counts based on ownership of the property. At the time of the robbery, the store manager had possession of his wristwatch and the store's merchandise. Therefore, Defendant subjected only one person—the store manager—to physical force for the purpose of obtaining the property. The fact that Defendant forcibly removed property from the store manager that belonged to two separate owners does not justify two separate first degree robbery charges. The only difference in the verdict directors of Count I and Count II was the characterization of the ownership of the property Defendant sought to forcibly obtain from the store manager. We therefore find that an effective appellate counsel should have asserted that Defendant's conviction on Count I for robbery of the store manager of the store's merchandise and Count II for robbery of the store manager of his watch violated Defendant's right to be free of double jeopardy. We conclude that appellate counsel's failure to raise this argument, which was obvious from the record, was sufficiently serious that, had it been raised, the outcome of the appeal would have been different. Point granted.

### Conclusion

We vacate Defendant's judgment and sentence as to Count I.

KURT S. ODENWALD, P.J., and GLENN A. NORTON, J., Concur.